IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTO OMAR LAYTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. WOLFE, et al. | : | NO. 02-3233 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                            October   , 2002
United States Magistrate Judge

Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated at the State Correctional Institution at Albion, Pennsylvania. For the reasons stated below, this court recommends that the petition be denied.

**I.    BACKGROUND**

The petition before the court challenges petitioner's conviction for two separate robberies (Nos. 99-4375, 4376, Bucks Co.). When considering petitioner's appeal, the Superior Court of Pennsylvania described the events leading to the robberies as follows:

> On June 21, 1999, Appellant [petitioner] committed two gunpoint robberies within 20 minutes. At approximately 10:07 p.m., Charles Bove was exiting his car at the 7-Eleven store parking lot in Falls Township when he was approached by Appellant. Appellant pointed a handgun at Bove's head and told him "Don't say anything." N.T. Preliminary Hearing, 8/26/99, at 6. Bove pushed the gun out of his face and shoved Appellant into a well-lit section of the parking lot. At that point, Appellant fled the scene and Bove reported the incident to the store clerk, who immediately called the police.
>
> Approximately 20 minutes later, John Gofus and three friends were hanging out by their car in the parking lot of a Morrisville bowling alley, when they noticed three black men approaching. Two were riding bikes and the third, Appellant,

>was riding on the handlebars of one of the bikes.  Appellant approached Gofus, who was smoking a cigarette, and asked for a lighter.  Gofus tossed him a lighter, but Appellant continued to move closer.  Appellant then pulled out a gun, put it to Gofus' head and told Gofus "not to look at him, to empty out all [his] pockets and put everything on the ground."  Id. at 20.  Gofus emptied his pockets, but had no money.  Appellant then hit Gofus in the mouth with the barrel of the gun, and told him to kneel down facing his car.  At that point Appellant's cohorts noticed that one of Gofus' friends was in the car talking on a cell phone.  They told Appellant, "They've got phones," and all three fled.  Id. at 22.
>
>The police arrived shortly thereafter, and apprehended Appellant.  However, his cohorts were never found.  Because Appellant also matched the description of the perpetrator in the Bove robber, both victims were brought to the scene of the second robbery, at which time they both identified Appellant as the person who robbed them.
>
>Appellant filed a pretrial petition for a line-up, which was denied by the trial court.  The cases were consolidated, and both Bove and Gofus positively identified Appellant at the preliminary hearing.

Commonwealth v. Layton, No. 712 EDA 2001, slip op. at 1-2 (Pa. Super. Ct. October 3, 2001) (footnote omitted).

On January 3, 2000, petitioner pled guilty to two counts each of robbery, aggravated assault and possession of an instrument of crime.  On that same day, petitioner was sentenced to concurrent terms of six and one-half to thirteen years imprisonment for the robberies.  Petitioner filed a timely petition to modify and reconsider sentence, which was denied following a hearing.  No direct appeal was filed.

On December 8, 2000, petitioner filed a pro se petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.Cons.Stat.Ann. § 9541, et seq., raising numerous claims of trial counsel's ineffectiveness.  The PCRA court appointed new counsel and held an evidentiary hearing.  On February 5, 2001, the court dismissed the petition.

Petitioner appealed to the Superior Court of Pennsylvania claiming that trial counsel was ineffective for three reasons: First, for failing to investigate his alibi defense and call an alibi witness. Second, for failing to properly investigate and interview a witness who would have testified that he did not commit the Bove robbery. Last, counsel should have filed a motion to suppress the victims' identification of petitioner. In an unpublished opinion, the Superior Court affirmed the dismissal of the PCRA petition. Commonwealth v. Layton, 790 A.2d 340 (Pa. Super. Ct. 2001) (Table).

On May 24, 2002, petitioner filed his petition for a writ of habeas corpus in this court. He raises four grounds for relief:

1. Due to a showup I.D. conducted by arresting officers my 5th Amendment (Due Process) guaranteed by the 14th Amendment was violated.

2. Guilty Plea unlawfully induced as a result of ineffective assistance of counsel (the specific conduct of counsel alleged to be deficient is set forth in Ground No. 3).

3. Counsel was ineffective in: failure to file motions to suppress; I.D./evidence; failure to investigate alibi witness/defense; failure to spend reasonable time in preparing case for trial. Counsel's errors violated my due process right to a fair trial and adequate representation (legal).

4. Conviction obtained by unreliable identification testimonies of victims/ not harmless error. If not for the "showup," as an impermissible suggestive procedure, the victims would have been even less sufficient in their decision of identifying the perpetrater (sic). And erroneous admission of evidence was not harmless error.

## II.   DISCUSSION

### A.   Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter

provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). With respect to section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. Id. at 406-08. See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to prove entitled to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; . . . petitioner must demonstrate that the Supreme Court requires the contrary outcome")(emphasis in original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See Werts v.

Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified" under existing Supreme Court precedent) (quoting Matteo, 171 F.3d at 891), cert. denied, 532 U.S. 980 (2001).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.  Petitioner's Claims**

**Standards For Ineffective Assistance Claims**

As explained below, several of petitioner's claims allege ineffective assistance of counsel. Before the court addresses the specifics of these claims, the court will first review the standards used to evaluate an ineffective assistance claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the Strickland test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a

reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 688-96. To satisfy the first prong of the Strickland test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987).

> **Grounds One and Four:** **Was the Showup I.D. an Impermissible Suggestive Procedure Which Improperly Influenced the Victims' Trial Testimony**

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C.A. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838,

842, 847 (1999).[1]  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992).  To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts.  Both the legal theory and the facts supporting a federal claim must have been submitted to the states courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989), cert. denied, 493 U.S. 1036 (1990).

However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991).  The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

Coleman, 501 U.S. at 735 n.1.  Upon a finding of procedural default, review of a federal habeas

---

[1] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  This order is not be applied retroactively, see Wenger v. Frank, 266 F.3d 218, 225 (3d Cir. 2001), cert. denied, 122 S.Ct. 1364 (2002), but has been applied prospectively.  See Mattis v. Vaughn, 128 F.Supp. 2d 249, 261 (E.D. Pa. 2001), appeal pending, No. 01-1285 (3d Cir. filed Dec. 6, 2001).

petition is barred unless the habeas petitioner can show that "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefrom; or (3) that a fundamental miscarriage of justice will occur if not considered."  Peterkin v. Horn, 176 F. Supp. 2d 342, 353 (E.D. Pa. 2001); see also Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996).

A state procedural rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims if: "(1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state court's refusal in this instance is consistent with other decisions." Doctor, 96 F.3d at 683-84.  "A state [procedural] rule is adequate only if it is 'consistently and regularly' applied."  Id. at 684.

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules.  Caswell, 953 F.2d at 862.  To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage."  Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  Additionally, the fundamental miscarriage of justice exception to procedural default is only concerned with "actual" innocence, and petitioner must show that it is more likely than not that no reasonable juror would have convicted him absent the claimed error.  Schlep v. Delo, 513 U.S. 298, 327 (1995).

Here, petitioner never "fairly presented" his challenge to the identifications made by the victims to the state courts. Petitioner did raise an ineffective assistance of counsel claim in the Superior Court claiming "that counsel should have filed a motion to suppress the victims' identifications of Appellant." Commonwealth v. Layton, No. 712 EDA 2001, slip op. at 3 (Pa. Super. Ct. Oct. 3, 2001). However, an ineffective assistance of counsel claim is not the same as the underlying substantive claim. Petitioner's ineffective assistance of counsel claim and underlying due process claim are distinct, and exhaustion of one does not constitute exhaustion of the other. See Gattis v. Snyder, 278 F.3d 222, 237 n.6 (3d Cir. 2002) (ineffective assistance claim raised in Delaware Supreme Court involved different legal theory than substantive claim raised in federal court; exhaustion requirement not satisfied); Senk v. Zimmerman, 886 F.2d 611, 614 (3d Cir. 1989) (claim that counsel failed to challenge a jury instruction concerns his attorney's performance and only indirectly implicates the underlying claim). Accordingly, petitioner has not exhausted his state court remedies as to his first and fourth claims.

Petitioner's first and fourth claims are now procedurally defaulted because such a claim could only be raised in a second PCRA petition which is now barred by the one-year statute of limitations. See 42 Pa. Cons. Stat. Ann. § 9545(b); Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002) ("It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of an untimely PCRA petition, and it is strictly enforced in all cases, including death penalty appeals."). This court cannot excuse the procedural default because petitioner has shown neither cause for the default nor that the federal court's failure to consider the claim will result in a fundamental miscarriage of justice. Therefore, the first and fourth claims cannot be reviewed by this court.

**Grounds Two and Three:   Guilty Plea Unlawfully Induced and Ineffective Assistance of Counsel**

In Ground Two for relief, petitioner claims that he was "unlawfully induced" to enter a guilty plea because of ineffective assistance of counsel. He repeats these claims of ineffective assistance of counsel in Ground Three of his petition. These claims are as follows:

   a.   counsel failed to file a motion to suppress I.D.;

   b.   counsel failed to investigate "witness" (sic);

   c.   counsel failed to investigate alibi witness/defense;

   d.   counsel failed to prepare case for trial or spend reasonable time.

Petitioner's claim that his guilty plea was unlawfully induced was never raised in the state courts. For the same reasons the court found petitioner's first and fourth claims procedurally defaulted, the court finds that this claim cannot be reviewed because it is also procedurally defaulted.

As noted earlier, petitioner only presented three claims of ineffective assistance of counsel to the Superior Court of Pennsylvania: (1) counsel's failure to investigate his alibi defense and call an alibi witness; (2) counsel's failure to properly investigate and interview a witness who would have testified that he did not commit the Bove robbery; and (3) counsel's failure to file a motion to suppress the victims' identifications of petitioner. Although petitioner did not present these claims to the Supreme Court of Pennsylvania, the court finds that this was not required to satisfy the exhaustion requirement in view of Order No. 218 promulgated by the Supreme Court of Pennsylvania on May 9, 2000. See Mattis v. Vaughn, 128 F. Supp. 2d 249, 261 (E.D. Pa. 2001), appeal pending, No. 01-1285 (3d Cir. filed Dec. 6, 2001).

Petitioner's last claim of ineffective assistance of counsel alleging that "counsel failed to prepare case for trial or spend reasonable time" was never raised in the Superior Court of Pennsylvania and, for the reasons expressed above, is procedurally defaulted and cannot be reviewed by this court.

The court will now proceed to review the merits of three claims of ineffective assistance of counsel that have been exhausted in the state courts.

### A.  Failure to File Motion to Suppress

Petitioner argues that his trial counsel was ineffective for failing to file a pretrial motion to suppress the identification testimony of the victims. Petitioner argues that had the victims' identification been suppressed, he would not have pled guilty.

The Superior Court of Pennsylvania rejected petitioner's claim finding that counsel was not ineffective for not filing a suppression motion because there were no grounds upon which to suppress the identifications. The court stated: "Appellant has not demonstrated that the identification procedure was so suggestive or unreliable that the testimony should have been suppressed. Because counsel cannot be ineffective for failing to raise a meritless claim . . . appellant's final claim fails." Commonwealth v. Layton, No. 712 EDA 2001, slip op. at 9 (Pa. Super. Ct. Oct. 3, 2001) (citation omitted). In support of its conclusion, the Superior Court gave the following explanation:

> Absent some special element of unfairness, prompt, one-on-one identification is not per se violative of the accused's constitutional rights[.] McElrath v. Commonwealth, 592 A.2d 740, 743 (Pa. Super. 1991). Here, the trial court found that the police arrived at the scene of the second robbery within minutes of the 911 call and promptly arrested Appellant who was wearing clothing that matched the caller's description. Moreover, both victims positively identified appellant at the scene of the second robbery, and later at the preliminary hearing. Appellant

> has not established that the on-scene identification contained "some special element of unfairness." Id. at 743. See Id. (holding that victim's view of defendant's weapon in police officer's hand before focusing on and identifying defendant in one-on-one confrontation did not constitute "special element of unfairness"); Commonwealth v. Allen, 429 A.2d 1113, 1121 (Pa. Super. 1981) (finding no "special elements of unfairness" in on-scene identification made more than one hour after crime, even though defendants were handcuffed and sitting in back of police van when identified, and officer asked victims if defendants were perpetrators).

Id. at 8.

Because the state appellate court found that there was no "special element of unfairness" with the identification procedure used by the police, counsel was not ineffective for failing to file a motion which ultimately would have been denied by the state courts. Accordingly, no relief can be given on this claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987) (counsel cannot be ineffective for failing to pursue meritless claims or objections).

### B.     Failure to Investigate Witness

Petitioner's next claim is that his trial counsel failed to investigate "a witness." In the Superior Court, petitioner argued that counsel was ineffective for failing to interview a 7-Eleven employee, "Kelly O.," who allegedly witnessed the robbery of Charles Bove. This court assumes that petitioner is referring to Kelly O. when he claims "a witness" should have been investigated by counsel.

The Superior Court rejected this claim finding that counsel was not ineffective for not pursuing Kelly O. as a witness. The court stated the following:

> Next, Appellant argues counsel was ineffective for failing to interview an alleged witness to the Bove robbery, namely 7-Eleven employee Kelly O. Appellant claims that Kelly O. would have testified that Appellant did not

12

> commit the robbery. However, once again, Appellant failed to provide an affidavit from this purported witness detailing her proposed testimony and indicating her willingness to testify on Appellant's behalf at the time of trial. Carter, 661 A.2d 390. Moreover, counsel stated that although she was aware Kelly O. made the 911 call to the police in the Bove robbery, she did not pursue Kelly O. as a possible defense witness because it was clear from the 911 tape that she did not witness the robbery herself, but rather, simply relayed the information provided to her by the victim. N.T. PCRA Hearing, 2/5/01, at 39. Therefore, appellant again failed to establish counsel's ineffectiveness.

Commonwealth v. Layton, No. 712 EDA 2001, slip op. at 7 (Pa. Super. Ct. Oct. 3, 2001).

As noted earlier, to grant habeas corpus relief, petitioner must show that the Superior Court's decision involved "an unreasonable application of clearly established federal law" or was an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2). The Superior Court found that counsel acted reasonably in not calling Kelly O. as a witness because she had no first-hand knowledge of the robbery. Her testimony, therefore, would have had little probative value. Because petitioner has not shown that the Superior Court erred in crediting counsel's assessment of the value of Kelly O. as a witness, this court must deny this claim.

### C. Counsel Failed to Investigate Alibi Witness/Defense

Petitioner's final claim of ineffectiveness is that counsel should have investigated his alibi defense. At the PCRA evidentiary hearing, petitioner testified that he was with his brother-in-law at the time of the robbery. (N.T. 2/5/01 at 8, 23). He claimed that he told his counsel about his alibi, but that she failed to fully investigate it as a defense. Id. at 8. In contradiction to petitioner's story, trial counsel testified that petitioner did not tell her that he had an alibi for his whereabouts during the time of the robberies. Rather, petitioner told his lawyer

13

that he left work at 7:00 p.m. that evening and proceeded directly to his brother-in-law's house, but left there before the robberies occurred. Id. at 38-39. The PCRA court specifically found counsel's testimony credible and disbelieved petitioner's account. Id. at 56.

This court is bound by the credibility finding of the PCRA court. See 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). See also Meyers v. Gillis, 142 F.3d 664, 667 (3d Cir. 1998) (state court findings of fact made in the course of deciding an ineffective assistance claim are presumed to be correct). Because the state court found that counsel was not aware of the alleged alibi evidence, she cannot be ineffective for not investigating this defense. Accordingly, relief cannot be granted on this claim.[2]

---

[2] As noted by the Superior Court, it is highly unlikely petitioner could have established an alibi. Petitioner neither "produced his brother-in-law as a witness during the PCRA hearing, nor provided an affidavit from him substantiating [petitioner's] story and indicating the witness' willingness to testify on [petitioner's] behalf at the time of trial." Commonwealth v. Layton, No. 712 EDA 2001 at 6 (Pa. Super. Ct. Oct. 3, 2001). Also, petitioner's testimony concerning his alibi was inconsistent. First, he claimed that he went to his "God-brother's" house right after work. (N.T. 2/5/01 at 8). Later, however, he said that he and his brother-in-law were present during the robberies, but did not participate in them. Id. at 23.

Accordingly, for all the above reasons, the court makes the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 16th day of October, 2002, it is respectfully recommended that the petition for a writ of habeas corpus be DENIED, and that no certificate of appealability be granted.

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTO OMAR LAYTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. WOLFE, et al. | : | NO. 02-3233 |

### ORDER

AND NOW, this       day of              , 2002, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, United States Magistrate Judge, it is hereby

### ORDERED

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus is DENIED; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
HARVEY BARTLE, III                    J.